## CHAN HAI v. WEEDIN, Commissioner of Immigration.

(Circuit Court of Appeals, Ninth Circuit. October 25, 1926.)

No. 4839.

1. Aliens �köm28—Merchant's certificate held improperly issued by collector of customs at Manila instead of being issued by Chinese consul and viséed by collector (Comp. St. §§ 3809, 4293; Act Cong. April 29, 1902 [32 Stat. 176]; Act Cong. April 27, 1904 [33 Stat. 428]).

Where resident of Philippines, born in China, was not shown to be Philippine citizen, merchant certificate under Act Cong. May 6, 1882, § 6, as amended by Act Cong. July 5, 1884 (Comp. St. § 4293), issued by collector of customs at Manila, was void, in view of Act Cong. April 29, 1902 (32 Stat. 176), and Act Cong. April 27, 1904 (33 Stat. 428), extending Chinese exclusion laws to the Philippines, and Act Cong. Aug. 29, 1916, § 2 (Comp. St. § 3809), under which certificate should have been obtained from Chinese consul at Manila and viséed by collector of customs.

2. Aliens ⊨23(1).

Alien, born of a Filipina mother, who had long resided in China, held a subject or citizen of that country, regardless of his illegitimacy.

Appeal from the District Court of the United States for the Northern Division of the Western District of Washington; Jeremiah Neterer, Judge.

Application by Chan Hai for a writ of habeas corpus to be directed against Luther Weedin, as Commissioner of Immigration at the Port of Seattle. From an order (11 F. [2d] 667) denying the application, applicant appeals. Affirmed.

Hugh C. Todd, of Seattle, Wash., for appellant.

Thos. P. Revelle, U. S. Atty., and C. T. McKinney, Asst. U. S. Atty., both of Seattle, Wash., for appellee.

Before RUDKIN, Circuit Judge, and DIETRICH and KERRIGAN, District Judges.

RUDKIN, Circuit Judge. [1] This is an appeal from an order denying an application for a writ of habeas corpus in an immigration case. The appellant applied for admission as a section 6 merchant on a certificate issued by the collector of customs at Manila, or, more properly speaking, a certified copy of such certificate. But two questions are presented by the record: First, was the certificate valid in law? and, second, was the certificate controverted, or the facts therein stated disproved? The appellant was born in China, May 15, 1907, and resided there from birth until he emigrated to the Philippine Islands in 1925. His father was a Chinese and his mother a Filipina. Both parents resided in China at the time of his birth and, apparently, for several years prior thereto, because six older children, ranging in age from 20 years to 26 years, were all born at the same place in China. The father continued to reside in China until his death, some 7 years after the birth of the appellant. Upon the death of the father, the mother returned to the Philippine Islands, leaving the appellant and her six other children in China. She died in the Philippines about 5 years after her return thereto.

The Act of April 29, 1902 (32 Stat. 176), and the Act of April 27, 1904 (33 Stat. 428), extended the Chinese exclusion laws to the Philippines and other island territories under the jurisdiction of the United States, and the former act authorized and empowered the Secretary of the Treasury to make and prescribe such rules and regulations, not inconsistent with the law of the land, as he might deem necessary and proper, to execute the provisions of the act and the treaty between the United States and China. Pursuant to the authority thus conferred, the following regulation was adopted and promulgated:

"If Chinese persons of the exempt classes who are citizens of other insular territory of the United States than the Territory of Hawaii desire to go from such insular territory to the mainland or from one insular territory to another, they shall comply with the terms of section 6 of the act approved July 5, 1884. The certificate prescribed by said section shall be granted by officers designated for that purpose by the chief executives of said insular territories, and the duties thereby imposed upon United States diplomatic and consular officers in foreign countries in relation to Chinese persons of the said classes shall be discharged by the officers in charge of the enforcement of the Chinese exclusion acts at the ports, respectively, from which any members of such excepted classes intend to depart from any insular territory of the United States: Provided, however, that the privilege of transit shall be extended to all persons other than laborers, as provided in rule 18.

"As all persons who were citizens of the Republic of Hawaii on August 12, 1898, are citizens of the United States, persons of the Chinese race claiming such status may be admitted at either mainland or insular ports of entry upon producing evidence sufficient to establish such claim. Citizens of the Chinese Republic of the exempt classes residing in Hawaii must obtain certificates from the representative of their own government (the Chinese consul, Honolulu), and such certificates must be viséed by the inspector in charge of the immigration service in said islands instead of by a diplomatic or consular officer.

"The Governor General of the Philippine Islands having, by executive order No. 38, of September 23, 1904, designated the collector of customs, Manila, to issue to Chinese citizens of those islands the certificate provided by section 6 of the act of July 5, 1884, and it being impracticable to require that such certificate shall be viséed, officers at ports of entry for Chinese will regard certificates issued to such Philippine citizens in the same manner as certificates issued by officials of foreign countries and viséed by American diplomatic or consular officers. Certificates issued by the Chinese consul general, Manila, to citizens of the Chinese republic residing in the Philippines will be viséed by the collector of customs at Manila, and when so viséed will be accorded the usual consideration."

Under these regulations it would seem clear that the appellant should have obtained his certificate from the Chinese consul general

at Manila, and that the certificate should have been viséed by the collector of customs at that port, unless the appellant is a citizen of the Philippine Islands, and it would seem equally clear that he is not such a citizen. The Act of August 29, 1916 (39 Stat. 546 [Comp. St. § 3809]), provides that all inhabitants of the Philippine Islands who were Spanish subjects on April 11, 1899, and then resided in said Islands, and their children born subsequent thereto, shall be deemed to be citizens of the Philippine Islands, except such as shall have elected to preserve allegiance to the crown of Spain in accordance with the provisions of the Treaty of Peace between the United States and Spain, signed at Paris, and except such as have already become citizens of some other country. It was further provided that the Philippine Legislature may provide by law for the acquisition of citizenship by those natives of the Philippine Islands who do not come within the foregoing provisions, natives of the insular possessions of the United States, and such other persons residing in the Philippine Islands as are citizens of the United States, or who could become citizens of the United States under the laws thereof, if residing therein.

[2] There is no testimony in the record tending to show that the appellant is a citizen of the Philippine Islands, as thus defined. The certificate states that he is a Chinese person residing in the Philippine Islands; that his place of birth was Canton, China; and that he has resided in the Philippine Islands since March 1, 1925. The sole evidence of Philippine citizenship, if it be evidence at all, is the following parenthetical notation on the certificate itself: "Landed as P. I. citizen natural son of Antonia Sobre, a Filipina woman— C. B. R. 2950, Case 7." Aside from this notation, the record contains no evidence that the appellant was the natural son of a Filipina, and certainly there is no presumption in law that he was such. And, if it be conceded that he was the natural son of this woman, still he was born in China while his mother resided there, where she had resided for years, and he would be a subject or citizen of that country, regardless of his illegitimacy. If this be true, inasmuch as under the exclusion laws the certificate therein provided for is the sole evidence of the right of a Chinese subject or citizen to be admitted to the United States, we are of opinion that the certificate in question was issued without competent authority and is null and void.

In view of this conclusion, it becomes unnecessary to consider whether a minor may be a merchant, or whether the facts stated in the certificate have been disproved. We might say in this connection, however, that, if we are at liberty to consider the proofs offered by certain brothers of the appellant when they applied for admission to the United States a short time before, there is grave doubt as to the validity of the certificate on other grounds.

The order is affirmed.